OWENS, Circuit Judge,
joined by TALLMAN, BYBEE, and CALLAHAN, Circuit Judges, concurring:
We should no longer tinker with the machinery of Descamps.
*483 While I join the majority opinion because it correctly applies our precedent, I do not agree that our precedent is correct. Under the current framework, hardened criminals avoid removal due to the vagaries of one state’s law, while much softer individuals get shipped overseas because of the indictment template used in a different office. The only consistency in these cases is their arbitrariness. The bedeviling “modified categorical approach” will continue to spit out intra- and inter-circuit splits and confusion, which are inevitable when we have hundreds of federal judges reviewing thousands of criminal state laws and certain documents to determine if an offense is “categorically a crime involving moral turpitude.” Almost every Term, the Supreme Court issues a “new” decision with slightly different language that forces federal judges, litigants, lawyers and probation officers to hit the reset button once again.
A better mousetrap is long overdue. Rather than compete with Rube Goldberg, we instead should look to a more objective standard, such as the length of the underlying sentence, before deciding if someone should be removed from our country. While no regime is foolproof, this approach cannot be worse than what we have now.
To make this happen, we need Congress’s attention. And to get Congress’s attention, the Supreme Court may need to wipe the slate clean by junking the current state of law. See Johnson v. United States, — U.S. -, 135 S.Ct. 2551, 2560, 192 L.Ed.2d 569 (2015) (“Nine years’ experience trying to derive meaning from the residual clause [of the Armed Career Criminal Act] convinces us that we have embarked upon a failed enterprise.”).[1]
We are way past that here.

. See also Descamps v. United States, — U.S. -, 133 S.Ct. 2276, 2294, 186 L.Ed.2d 438 (2013) (Kennedy, J., concurring) ("If Congress wishes to pursue its policy in a proper and efficient way without mandating uniformity among the States with respect to their criminal statutes for scores of serious offenses, and without requiring the amendment of any number of federal criminal statutes as well, Congress should act at once.”); United States v. Fish, 758 F.3d 1, 18 (1st Cir.2014) (noting that “the great variation between the different states’ criminal statutes has flummoxed the federal courts” and that the duty to determine whether a prior conviction qualifies as a predicate offense "seems a better fit for Congress or an administrative agency” than a court).